IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60138
Conference Calendar
_____


TAREK ELAGAMY,

Petitioner,

versus

IMMIGRATION AND
  NATURALIZATION SERVICE,

Respondent.


- - - - - - - - - -
Petition for Review of an Order of the
Board of Immigration Appeals
A-26 440 666
- - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Tarek Elagamy petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion requesting that he be allowed to reopen his case in order to move for a suspension of deportation pursuant to 8 U.S.C. § 1254(a)(2). To succeed in a motion to reopen, the alien must establish prima facie eligibility for the relief sought. See I.N.S. v. Doherty, 502 U.S. 314, 323 (1992). Even if the alien has made out a prima

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

facie case for relief, the BIA has the discretion to deny a motion to reopen. Id. This court reviews the BIA's denial of a motion to reopen for abuse of discretion. Id.

Elagamy contends that had the BIA granted his motion to reopen, he would have established that his deportation should have been suspended pursuant to § 1254(a)(2). Section 1254(a)(2) states that the Attorney General may suspend deportation in the case of an alien who, among other requirements, "has been physically present in the United States for a continuous period of not less than ten years immediately following the commission of an act . . . constituting a ground for deportation . . . ."

Elagamy argues that he "committed" his deportation-worthy violation in 1983, when he lied to immigration officials about whether he resided with his wife, rather than in 1986 when he was convicted of the offense. In Brown v. I.N.S, however, this court dismissed the petitioner's request for suspension of deportation pursuant to § 1254(a)(2) because he had not been in the United States for ten years since the date of his *conviction* of a deportation-worthy crime. 856 F.2d 728, 731 (5th Cir. 1988). "[I]t is the firm rule of this circuit that one panel may not overrule the decisions of another." United States v. Taylor, 933 F.2d 307, 313 (5th Cir.), cert. denied, 502 U.S. 883 (1991). Accordingly, Elagamy's petition for review is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because this petition is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.